## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Clarence Robert Cantner, | ) | Case No. 16-01946-hb |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | | |
| John K. Fort, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No._____ |
| | ) | |
| Clarence Robert Cantner, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### **COMPLAINT OBJECTING TO DISCHARGE**

John K. Fort, Chapter 7 Trustee (hereinafter "Plaintiff") of the bankruptcy estate of Clarence Robert Cantner, by and through his undersigned attorneys, hereby states as follows:

### **GENERAL AND JURISDICTIONAL ALLEGATIONS:**

1. Plaintiff is the duly qualified and acting Trustee in this case of Defendant.

2. Defendant is the debtor in Case No. 16-01946 under Chapter 7 of title 11 now pending in this Court.

3. This is an adversary proceeding in which Plaintiff is objecting to the discharge of Defendant. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## FOR A FIRST CAUSE OF ACTION
### (Objection to Discharge 11 U.S.C. § 727(a)(2))

4. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

5. Defendant, with intent to hinder, delay, or defraud a creditor has transferred property of the debtor within one year before the date of the filing of the petition.

6. Defendant's financial records show that he transferred money to his wife prior to filing the petition and was unable to satisfactorily explain these transfers during his examination under oath.

7. The discharge of Defendant should be denied under section 727(a)(2).

## FOR A SECOND CAUSE OF ACTION
### (Objection to Discharge 11 U.S.C. § 727(a)(5))

8. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

9. Defendant has been examined under oath and Defendant has failed to explain satisfactorily a loss of assets or deficiency of assets to meet liabilities.

10. In addition to the monetary transfers Defendant made to his wife, Defendant gave away his business assets for no consideration and was unable to satisfactorily explain why he did so.

11. Indian River Cleaners, Inc. (hereinafter "IRC"), a defunct Florida limited liability company, was a dry cleaning business owned and operated by Defendant.

12. In 2014 to 2015, Defendant admittedly misappropriated funds from IRC's business account at Marine Bank. During this time, he spent an estimated $49,000.00 on personal expenses, and he transferred at least $191,000.00 to himself or other insiders.

13. On April 1, 2015, Defendant sold all of IRC's assets to NLJ Holding Company of Florida, LLC (hereinafter "NLJ") for $1.00 – even though that same purchaser had offered to pay almost $80,000.00 for the assets a year or so earlier. As part of this deal, Defendant even went so far as to represent and warrant that the assets were being transferred free and clear of all liens and encumbrances.

14. Defendant impermissibly spent IRC's funds on personal items and expenses.

15. Defendant transferred IRC's funds to himself and other insiders without any real consideration.

16. Defendant also caused the transfer of IRC's assets to NLJ without receiving any real consideration.

17. The discharge of Defendant should be denied under section 727(a)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discharge of the Debtor from his debts be denied and that Plaintiff have such other and further relief as the Court shall deem just and proper.

/s/Joshua J. Hudson
Joshua J. Hudson, Fed. ID No. 11620
jhudson@roecassidy.com
Roe Cassidy Coates & Price, P.A.
Post Office Box 10529
Greenville, SC 29603
(864) 349-2600
*Attorneys for Trustee/Plaintiff*

Greenville, South Carolina
Date: February 3, 2017